# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| SUNLESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 3:20-cv-00930** |
| | ) | **Judge Aleta A. Trauger** |
| SELBY HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

Selby Holdings, LLC ("Selby") has filed a Motion to Dismiss First Amended Complaint (Doc. No. 25), to which Sunless, Inc. ("Sunless") has filed a Response (Doc. No. 30), and Selby has filed a Reply (Doc. No. 31). For the reasons set out herein, the motion will be granted in part and denied in part.

## I. BACKGROUND[1]

Sunless is an Ohio-based Delaware corporation that owns "three well-known spray tan brands," Mystic Tan, Norvell, and VersaSpa. (Doc. No. 23 ¶¶ 1–2.) Sunless holds two patents relevant to this case, U.S. Patent No. 7,297,211 ("'211 patent") and U.S. Patent No. 7,387,684 ("'684 patent"), each of which involves the application of liquids to the human body—that is to say, as a practical matter, mechanisms for applying tanning spray. (*Id.* ¶¶ 9–11.)

Selby is a Tennessee company that sells spray tanning booths under the name "Sheer Sunless." (*Id.* ¶¶ 4–5.) Sunless alleges that at least some of the booths that Selby sells, including its "Illuminate" brand spray tanning booth, infringe upon aspects of Sunless's patents. (*Id.* ¶ 13.)

---

[1] Except where otherwise indicated, the facts set forth are taken from the First Amended Complaint (Doc. No. 23) and are accepted as true for the purposes of the Motion to Dismiss.

According to Sunless, Selby has not only sold the infringing products but has also used them in a number of settings, including for live demonstrations and at conferences and trade shows. (*Id.* ¶¶ 15–20.) Sunless also alleges that Selby "infringes the [Sunless patents] by encouraging, instructing, and/or directing others, including customers and users, to use the [Selby products] in an infringing manner." (*Id.* ¶ 21.) Specifically, Sunless alleges that Selby encourages its customers—generally, tanning salons—to use the infringing products in an infringing manner. (*Id.* ¶ 41.)

On October 29, 2020, Sunless filed a Complaint in this court against Selby. (Doc. No. 1.) Selby filed a Motion to Dismiss on December 23, 2020 (Doc. No. 21), but, shortly thereafter, Sunless filed its First Amended Complaint (Doc. No. 23), after which the court denied the pending Motion to Dismiss as moot. (Doc. No. 24.) The First Amended Complaint pleads four causes of action—one for direct infringement of the '211 patent, one for indirect infringement of the '211 patent, one for direct infringement of the '684 patent, and one for indirect infringement of the '684 patent. (Doc. No. 23 ¶¶ 23–80.) Sunless seeks (1) a holding that Selby infringed its patents, (2) injunctive relief forbidding future infringement, (3) accounting of infringing sales, and (4) "past damages, not less than a reasonable royalty." (*Id.* at 16.) On January 20, 2021, Selby filed its Motion to Dismiss First Amended Complaint. (Doc. No. 25.) Selby does not seek dismissal of either of Sunless's claims for direct infringement. Rather, Selby asks the court to dismiss Sunless's Counts II and IV—for indirect infringement of the '211 and '684 patents, respectively—as well as Sunless's request for past damages. (*Id.* at 2.)

## II. LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as

true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that the plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.

## III. ANALYSIS

### A. Amended vs. Supplemental Pleadings

Before the court addresses the parties' substantive arguments, it must consider a procedural issue that bears some responsibility for the way that those arguments have been framed in relation to the pending motion. Much of the disagreement between the parties concerns allegations that Sunless pleaded for the first time in its First Amended Complaint, describing events that occurred after the initial Complaint had already been filed. An amended complaint, however, is not the

3

appropriate mechanism to add allegations regarding post-filing conduct under the Federal Rules of Civil Procedure. Rather, when a party wishes to plead facts about "any transaction, occurrence, or event that happened after the date of the" initial pleading, that party should rely on a *supplemental* pleading pursuant to Rule 15(d), not on an *amended* pleading pursuant to Rule 15(a). "Amended and supplemental pleadings differ in [that the] former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading," while "the latter deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.). "The purpose of supplemental pleadings under Rule 15(d) is to allow a plaintiff to update [its] complaint to add allegations of later events relating to [its] original complaint." *Cage v. Harry*, No. 09–512, 2010 WL 1254562, at *1 (W.D. Mich. Mar. 26, 2010) (magistrate judge's order). In addition to the different purposes served by amendment and supplementation, there is a key procedural difference: a supplemental complaint, unlike the First Amended Complaint in this case, cannot be filed as a matter of course, regardless of its timing; "all supplemental pleadings require leave of court under Rule 15(d)." Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.). As a result, the First Amended Complaint contains some alterations that were permissible as a matter of course but also sets forth post-filing allegations that were not properly included and that should have been subject to a Rule 15(d) motion for leave to supplement.

This court, therefore, has two options. First, the court could hold that all of Sunless's allegations regarding post-filing conduct—which make up most, if not all, of the facts actually relevant to the pending motion—were improperly pleaded and that Sunless therefore cannot rely on those facts to defend against the motion to dismiss. If the court chose that option, it would likely necessitate granting the pending motion. Selby's post-filing actions are central to Sunless's

4

arguments regarding both past damages and inducement; if Sunless cannot rely on those allegations, then it will have little to rely on in opposing Selby's motion. Any victory by Selby pursuant to such a holding might be short-lived, however, as Sunless could simply file a Rule 15(d) motion seeking leave to plead post-filing events as part of a supplemental pleading. If the court granted that leave, it would put the parties and the court right back to square one with regard to Sunless's substantive allegations, with little to show for it other than the assurance that the Federal Rules were followed scrupulously.

The other option for the court would be to construe Sunless's briefing, combined with its First Amended Complaint as, in effect, a motion for leave to supplement the Complaint, which the court would be inclined to grant. *See Doyle v. United States*, No. CV 6:18-05-DCR, 2018 WL 1359048, at *1 (E.D. Ky. Mar. 16, 2018) ("[T]he Court will construe the filing of the Supplemental Complaint as a motion seeking leave to file a supplemental pleading under Rule 15(d) of the Federal Rules of Civil Procedure . . . ."). Although that would likely be the most efficient course of action, it would also have the effect of depriving Selby of the opportunity to oppose Sunless's request *as a Rule 15(d) motion* before the court ruled.

Although the court is sensitive to Selby's interests and the potential unfairness of reconstruing the parties' filings in Sunless's favor, the court ultimately concludes that, at least in this narrow instance, the interests of justice and efficiency favor going ahead and granting leave to supplement, even though Sunless failed to explicitly request such leave. Although Rule 15(d) does not set out a specific standard regarding when leave to supplement should be granted, courts have generally proceeded under the assumption that leave to supplement should be "freely given," just as leave should be freely given to good-faith, timely amendments, in the absence of a persuasive reason against granting such leave. *Ne. Ohio Coal. for the Homeless v. Husted*, No.

2:06-CV-00896, 2015 WL 13034990, at *6 (S.D. Ohio Aug. 7, 2015). This litigation is still in its early stages, and the court is aware of no reason why granting leave to supplement would be improper here. While the parties have not explicitly briefed this matter as involving Rule 15(d), the substance of their briefing has focused directly on the issues underlying that rule—namely, the role of post-filing conduct in litigation. The court, accordingly, will retroactively grant leave to supplement under Rule 15(d) and consider the full set of allegations in the First Amended Complaint.

## B. Patent Marking/Past Damages

Generally speaking, "patent infringement is a strict liability tort . . . ." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). However, the so-called "patent marking statute" provides:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, *no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe* thereafter, in which event damages may be recovered only for infringement occurring after such notice. *Filing of an action for infringement shall constitute such notice.*

35 U.S.C. § 287(a) (emphasis added). In other words, if the owner of a patent introduces its product into commerce, it may only recover past damages from a subsequent infringer if either it marked the patented product in compliance with the patent marking statute or, in the alternative, the infringer received notice of the infringement and continued to infringe. "[T]he marking statute serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging

6

patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented." *Arctic Cat*, 876 F.3d at 1366 (citing *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998)).

Selby argues that the court should dismiss Sunless's claim for past damages because Sunless has not pleaded that it complied with the patent marking statute. Sunless responds that it does not claim, in the First Amended Complaint, to be able to satisfy the patent marking statute with regard to claims based on infringement prior to the filing of Sunless's original Complaint. Rather, Sunless argues, it alleges that Selby continued to infringe after that original Complaint was filed, triggering the provision of the patent marking statute allowing past damages for infringement following notice in the form of "[f]iling of an action for infringement." 35 U.S.C. § 287(a).

In its Reply, Selby draws the court's attention to a telephone conversation among the parties' counsel regarding patent marking, which, Selby argues, shows that Sunless is trying to leave the door open for establishing that it did, in fact, comply with the statute. The only thing that matters with regard to what allegations and claims are pending in this court, however, is the First Amended Complaint, and there is nothing in that pleading suggesting that Sunless can satisfy the patent marking statute in any way other than through the notice provided by the original Complaint.

Sunless argues next that, because Selby's argument regarding patent marking does not actually challenge the sufficiency of Sunless's pleading of any of its claims—but rather merely the availability of one particular remedy—then there is no need for the court to consider the argument in the context of a Rule 12(b)(6) motion. It is true that it has sometimes been suggested that, "[a]lthough patent marking and notice may be relevant to the amount of damages available in a patent case, they are not elements of a patent infringement claim and do not have to be pleaded in the complaint." *Synchronoss Techs. Inc. v. Dashwire, Inc.*, No. 11-CV-002-BBC, 2011 WL

13113448, at *2 (W.D. Wis. Apr. 11, 2011). The Court of Appeals for the Federal Circuit, however, has stated that "[t]he patentee bears the burden of pleading . . . [that] he complied with § 287(a)'s marking requirement." *Arctic Cat*, 876 F.3d at 1366. This court will follow the Federal Circuit's lead and hold that a Rule 12(b)(6) motion is an appropriate mechanism to request the dismissal of a request for past damages based on the defendant's noncompliance with the marking statute. *See* Wright & Miller, 17 Fed. Prac. & Proc. Juris. § 4104 (3d ed.) ("The district courts look to Federal Circuit law in evaluating substantive issues unique to patent law, since those issues fall within the exclusive jurisdiction of the Federal Circuit.").

With those preliminary issues resolved, the amount of substantive disagreement between the parties on this issue is relatively limited. Selby argues that Sunless has failed to plead facts establishing that it complied with the patent marking statute, and Sunless ultimately concedes that that is true. (*See* Doc. No. 30 at 1 (admitting that "there is no dispute that Sunless's [First Amended Complaint] does not allege patent marking, or seek pre-suit damages based on patent marking").) The only disagreement between the parties appears to be as to whether Sunless might be able to recover damages for continued infringement that occurred after the original Complaint was filed. (*See id.* at 6 ("Sunless is relying on having given Defendant *actual* notice under 35 U.S.C. § 287(a) by filing its original Complaint in this action, and is seeking monetary damages only for infringement taking place after the original Complaint was filed.").) And Selby is correct that it seems odd that Sunless would be able to recover damages based on allegations in its operative complaint regarding actions that had not even occurred when the *original* Complaint—which that amended complaint supposedly stands in the place of—was filed. As the court has already explained, however, that apparent oddity is merely a side effect of the fact that Sunless added its post-filing allegations pursuant to the wrong rule. Once one construes this situation to involve the

8

Rule 15(d) supplementation of a complaint with post-filing allegations, rather than merely the supplanting of the original complaint pursuant to Rule 15(a), then it becomes much clearer what is going on. The determinative question is whether the plaintiff in a patent action may file supplemental allegations of post-filing infringement seeking past damages for that infringement on the ground that the initiation of the case itself satisfied the notice requirement of the patent marking statute.

Caselaw does appear to acknowledge that, in some situations, post-filing damages will, in fact, be recoverable in an action for patent infringement. *See Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 412 (6th Cir. 2002) ("Laches only bars damages that occurred before the filing date of the lawsuit. It does not prevent plaintiff from obtaining injunctive relief or post-filing damages." (citations omitted)). The court, therefore, cannot assume that such damages are categorically impermissible. Indeed, the patent marking statute itself appears to acknowledge that a party might seek such damages, given that it expressly acknowledges that the filing of a complaint can satisfy the notice requirement. Moreover, Rule 15(d) exists precisely for this type of situation—to allow the full conflict between the parties to be resolved in a single case, rather than requiring Sunless to file a second, distinct set of claims regarding the later infringement. This court, therefore, sees no reason why Sunless should not be permitted to seek damages regarding post-filing infringement.

Selby argues that allegations regarding post-filing actions are not sufficient to salvage the lack of patent marking prior to the original Complaint, and Selby is correct. Sunless, as it concedes, has not pleaded facts that would support pre-filing damages. The supplemental allegations, however, are new facts that the court has (now) granted leave to be included in this case, and it is apparent that they, on their face, would support the award of some relatively limited post-filing

9

damages. The court, accordingly, will grant Selby's motion insofar as it seeks dismissal of the request for pre-filing damages, but not as to damages related to the supplemental, post-filing allegations.

## B. Inducement of Infringement[2]

An entity commits direct patent infringement when it, "without authority[,] makes, uses, offers to sell, or sells any patented invention . . . within the United States or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C. § 271(a). Federal patent laws, however, also impose liability on "[w]hoever actively induces infringement of a patent." 35 U.S.C. § 271(b). "In order to establish a claim of inducement, a plaintiff must show . . . : (1) [that] there has been direct infringement; and (2) that the alleged infringer knowingly induced infringement and had the specific intent to encourage another to infringe." *Petter Invs., Inc. v. Hydro Eng'g, Inc.*, 664 F. Supp. 2d 816, 827 (W.D. Mich. 2009) (citing *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)). Selby argues that the court should dismiss Sunless's two indirect infringement claims on the ground that Sunless has not sufficiently pleaded the requisite knowledge or intent.

Under the Federal Rules of Civil Procedure, "conditions of a person's mind"—including "knowledge" and "intent"—"may be alleged generally," even in situations in which (unlike here) a heightened pleading standard otherwise applies. Fed. R. Civ. P. 9(b). The First Amended Complaint alleges that, "[a]t the very latest, Selby had knowledge and notice of the [relevant patents] as well as [the] infringement of the [patents] upon receiving the original Complaint in this

---

[2] Sunless's claims are for "indirect infringement," of which inducement is just one type. *See Magna Elecs., Inc. v. TRW Auto. Holdings Corp.*, No. 1:12-CV-654, 2015 WL 11422305, at *3 (W.D. Mich. Dec. 16, 2015) (explaining that indirect infringement encompasses both inducement of infringement and contributory infringement). For the purposes of this motion, the parties have briefed the claims as involving inducement of infringement.

10

action shortly after it was filed on October 29, 2020." (Doc. No. 23 ¶ 26; *see id.* ¶ 55.) It further alleges that "Selby continued to encourage and instruct others to make, use, sell, offer for sale, and/or import its Accused Products despite having knowledge of the [patents] and the infringement thereof." (*Id.* ¶ 44; *see id.* ¶ 57.) Although those allegations are relatively bare-bones, they are consistent with the general pleading standard typically applied to mental states. The only basis the court might have for dismissing Claims II and IV, therefore, would be that Sunless has failed to allege, unequivocally, that Selby had knowledge of the underlying patent rights prior to the filing of the original Complaint in this action.[3] This argument, therefore, is similar to Selby's argument regarding past damages, in that Selby argues that Sunless should not be permitted to rely on the existence of the very Complaint that initiated this case to satisfy an element pleaded in what is supposed to be merely an amended version of that same Complaint—which, the court readily admits, does seem to be troublingly circular, with the Complaint, in effect, pleading its own existence as if it were a past fact.[4] Again, however, Sunless's position seems strange primarily because it relied on the wrong subsection of Rule 15. When one construes the new allegations as having been added pursuant to Rule 15(d), any seemingly circular logic disappears; the supplemental pleading discusses the time after the Complaint was filed because that is precisely what it is supposed to do. The court, therefore, will consider the adequacy of Sunless's allegations on the merits rather than in terms of the abstract and confusing question of whether post-filing

---

[3] Such an argument would, at most, entitle Selby to partial dismissal of Counts II and IV, limited to claims based on induced infringement prior to the initiation of this case. *See Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011) ("The Court sees no reason why a defendant who is directly infringing on a product should avoid liability for an indirect infringement claim when it continues to sell the allegedly infringing product and encourages others to infringe, simply because it happened to learn of the patent in connection with a lawsuit.").

[4] The court notes that it appears that both of these problems could have been avoided if Sunless had simply sent a cease-and-desist letter—even a single-paragraph form letter—to Selby before filing suit.

facts can be pleaded in an amended complaint that relates back to a filing date before those events actually occurred.

Sunless does not actually plead that Selby *lacked* pre-filing knowledge of Sunless's patents—merely that, based on the information available to Sunless, Selby had the requisite knowledge *no later than* the filing of the original Complaint. It is, of course, quite common for a plaintiff to have limited information about a defendant's knowledge prior to discovery and this court typically allows such claims to proceed as long as the plaintiff has generally alleged knowledge for some relevant period of time. It would make little sense to dismiss all claims that accrued prior to the date on which a plaintiff happens to be able to prove knowledge when it files its complaint, despite the fact that discovery might reveal an earlier date of first knowledge of which the plaintiff could not have possibly been aware. In light of the supplemental allegations, Sunless has alleged at least some inducement of infringement that occurred after Selby had the requisite knowledge. The court, accordingly, will not dismiss Count II or IV and will permit Sunless to engage in discovery to determine whether Selby might have had sufficient pre-filing knowledge at an earlier date.

## IV. CONCLUSION

For the foregoing reasons, Selby's Motion to Dismiss First Amended Complaint (Doc. No. 25) is hereby **GRANTED** in part and **DENIED** in part. Sunless's claim for pre-filing damages is hereby **DISMISSED**. The initial case management conference is **RESET** for September 13, 2021 at 2:00.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

12