# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SUNLESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SELBY HOLDING, LLC, <br><br> Defendant. | Civil Action No. 3:20-cv-00930 <br> Judge Aleta A. Trauger |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope**. All documents, things, and testimony produced, provided, or disclosed in the course of this action, including all initial disclosures, responses to discovery requests, deposition testimony and exhibits, declarations or affidavits and exhibits, electronically stored information, tangible objects, and any other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order as set forth below.

**2. Form and Timing of Designation**. A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the confidentiality designation. Documents shall be so designated prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be

marked with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER," the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection as CONFIDENTIAL or ATTORNEYS' EYES ONLY even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. Any copies of documents that are selected for copying during such an inspection shall be marked in accordance with the stipulated designation, as required under this Order, and thereafter the copies shall be subject to protection under this Order in accordance with such designation. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**. Any party or third party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly

available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order.

4. **Documents Which May Be Designated as ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER**. Any party or third party in response to a subpoena may designate documents as "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" upon making a good faith determination that the document is not appropriate for disclosure to any party other than attorneys because it contains highly sensitive trade secret or other proprietary, commercially sensitive, technical or financial information, or information containing business policy, strategic planning, or competitive analysis, research development, or commercial information deemed sufficiently confidential that there is a risk of injury to the designating party if the material is disclosed to any party. For purposes of this paragraph, demonstrable harm to the disclosing party solely in terms of the merits of claims asserted in the above-captioned case shall not be grounds for designating the material "ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER."

5. **Depositions**. Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order. Deposition testimony, even when not yet transcribed, and any accompanying exhibits shall be deemed "ATTORNEYS' EYES ONLY" for a period of fourteen (14) calendar days after the

transcription of said deposition, but said designation will expire at the conclusion of that fourteen-day period unless Plaintiff or Defendant designates portions of said testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by letter or email to the other parties.

6. **Protection of CONFIDENTIAL and ATTORNEYS' EYES ONLY Material.**

(a) **General Protections**. Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified below in paragraph 6(b) for any purpose whatsoever other than the prosecution or defense of this action, including to prepare for and conduct discovery and trial in this action, and any appeal thereof.

(b) **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity, except for the categories of persons, and subject to the terms and conditions, set forth in subparagraphs (1)-(6) below. The parties and counsel for the parties shall not disclose or permit the disclosure of any ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity, except for the categories of persons, and subject to the terms and conditions, set forth in subparagraphs (2)-(6) below.

**(1)** **Parties**. Parties and employees of a party to this Order.

**(2)** **Outside Counsel**. Outside counsel for the parties and employees, agents, contractors, or subcontractors of such outside counsel assisting in the preparation and trial of this action, including persons or entities that

provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data).

**(3)** **The Court**. The Court and its personnel.

**(4)** **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions.

**(5)** **Consultants, Investigators and Experts**. Consultants, investigators, or experts employed by the parties or their counsel to assist in the preparation and trial of this action, provided that (1) such consultants, investigators, or experts are not employees of a party; and, (2) before access is given, the consultant, investigator, or expert has completed the certification contained in Attachment A (Acknowledgment of Understanding and Agreement to Be Bound) and a copy of the same is served upon the producing party along with a copy of the consultant or expert's Background Information (defined below), after which the producing party shall have seven (7) days to notify the receiving party in writing that it objects to disclosure of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY -SUBJECT TO PROTECTIVE ORDER documents to the consultant, investigator, or expert and provide the reasons for its objection. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any such objection, the objecting party may file a motion with the Court within ten (10) days after the notice, or within such other time as the parties may agree, seeking a protective order with

respect to the proposed disclosure. The objecting party shall have the burden of proving the need for a protective order. If the objecting party does not move for a protective order within the allotted time its objection is deemed waived. If the objecting party moves for a protective order no disclosure shall occur until all such objections are resolved by agreement or Court order. "Background Information" for purposes of this section includes (a) a current curriculum vitae or resume of the consultant, investigator, or expert including an identification of the consultant, investigator, or expert's employment history for at least the past ten (10) years (b) the present employer and title of the consultant, investigator, or expert, if any, (c) an identification of all of the consultant, investigator, or expert's consulting relationships for at least the past ten (10) years including an identification of the party that retained the consultant or expert, (d) an identification of all pending patent applications on which the consultant, investigator, or expert is an inventor or in which the consultant, investigator, or expert has any ownership interest, or as to which the consultant, investigator, or expert has had or anticipates having in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and (e) a list of cases in which the consultant, investigator, or expert has testified at deposition or trial within the last five (5) years including an identification of which party retained the consultant or expert; and

> **(6) Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Control of Documents**. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) **Copies**. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images

7
Case 3:20-cv-00930   Document 66   Filed 12/13/21   Page 7 of 13 PageID #: 1214

of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) **Inadvertent Failure to Designate**. A producing party's inadvertent failure to designate qualified information or documents does not, standing alone, waive that party's right to secure protection under this Order for such material, if promptly corrected upon the producing party's discovery.

7. **SOURCE CODE.** If the source code of a party is to be inspected or produced in this action, the parties will negotiate a separate protective order that sets forth a protocol for the inspection, production, and confidential treatment of source code.

8. **Challenges by a Party to Designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"**. Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object in writing with a basis for the objection to such designation. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer within fourteen (14) calendar days in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

If the parties are unable to resolve the challenge to the designation, the party contesting the designation may seek relief from the Court and the party that designated the contested material shall have the burden of proof by a preponderance of the evidence of the propriety of such designation**.**

8

Case 3:20-cv-00930   Document 66   Filed 12/13/21   Page 8 of 13 PageID #: 1215

**9. ATTORNEY CLIENT PRIVILEGE**. Nothing in this Order shall require production of documents, information or other material that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, common interest and joint defense doctrines, or other privilege, doctrine, or immunity. Protections against the loss of any attorney-client privilege, work product protection, or any other privilege or immunity due to a party's inadvertent production of such material are set forth in Section F of the Initial Case Management Order (Dkt. No. 54) entered in this action. In addition, any party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, common interest and joint defense doctrines, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and destroy all copies of such documents, information or other material and certify their destruction to the producing party.

**10. Action by the Court**. Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

**11. Use of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Documents or Information at Trial**. Absent order of the Court, all trials are open to the public, and there will be no restrictions on the use at trial of any document designated for protection under this Order. If
9

Case 3:20-cv-00930   Document 66   Filed 12/13/21   Page 9 of 13 PageID #: 1216

a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents or information. Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12.     Obligations on Conclusion of Litigation.**

(a)     **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Return of CONFIDENTIAL or ATTORNEYS' EYES ONLY Documents**. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents.

(c) **Return of Documents Filed under Seal**. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**13.** **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**14.** **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**15. Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

_____
HONORABLE ALETA A. TRAUGER
U.S. DISTRICT JUDGE

APPROVED FOR ENTRY:

By: /s/ *Joshua Counts Cumby*
    Joshua Counts Cumby (# 037949)
    ADAMS AND REESE LLP
    424 Church Street, Suite 2700
    Nashville, Tennessee 37219
    Phone: (615) 259-1024
    Facsimile: (615) 259-1470
    joshua.cumby@arlaw.com

    Frank M. Gasparo(admitted *pro hac vice*)
    Eric A. Prager(admitted *pro hac vice*)
    Leonard P. Gordon (admitted *pro hac vice*)
    Dennis J. McMahon(admitted *pro hac vice*)
    Ralph A. Dengler (admitted *pro hac vice*)
    VENABLE LLP
    1270 Avenue of the Americas, 24th Fl.
    New York, New York 10020
    Phone: (212) 307-5500
    Facsimile: (212) 307-5598
    FMGasparo@Venable.com
    EAPrager@Venable.com
    LPGordon@Venable.com
    DMcMahon@Venable.com
    RADengler@Venable.com

*Attorneys for Plaintiff Sunless, Inc.*

By: /s/ *Stephan R. Wright*
    Stephan R. Wright (# 031494)
    2288 Gunbarrel Rd.
    Ste. 154/Box 247
    Chattanooga, TN 37421
    Phone: (423) 826-6919
    Facsimile: (423) 826-6929
    swright@stephanwright.com

    Shane V. Cortesi (# 029785)
    424 Church Street, Suite 2000
    Nashville, TN 37219
    Phone: (615) 651-7401
    Facsimile: (635) 651-7401
    shane.cortesi@cortesilaw.com

*Attorneys for Defendant Selby Holding, LLC*

ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SUNLESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SELBY HOLDING, LLC, <br><br> Defendant. | Civil Action No. 3:20-cv-00930 <br> Judge Aleta A. Trauger |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
_____
_____

Date: _____ _____
Signature